United States District Court
Southern District of Texas
**ENTERED**
September 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Eliud Xavier Garza, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action H-21-1493 |
| § | | |
| Montgomery County § | | |
| Sheriff's Department, § | | |
| *Defendant*. § | | |

## Memorandum and Recommendation

Pending before the court is Defendant Montgomery County Sheriff's Department's motion to dismiss (D.E. 21). The motion is before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons detailed below, the court recommends that Defendant's motion be granted.

1. **Background**

In his Complaint (D.E. 1) and More Definite Statement (D.E. 21), Eluid Xavier Garza purports to bring a cause of action against the Montgomery County Sheriff's department for employment discrimination. Garza's pleadings are mostly unintelligible and meandering statements about his attempt to have the FBI investigate various illegal activities involving former President Trump, Speaker of the House Nancy Pelosi and an unnamed United States Supreme Court Justice. He makes vague statements about religious discrimination and extortion.

Missing entirely from Garza's Complaint and More Definite Statement are any facts indicating that the Montgomery County Sheriff's Department ever employed Garza or discriminated against him.

**2. Standard of Review Under Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329

(5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

3. **Analysis**

This case should be dismissed with prejudice because Plaintiff has failed to state a claim on which relief may be granted and amendment would be futile. Garza has failed entirely to state any facts in support of the claim he has raised. The court hesitates to be overly critical, but Plaintiff's pleadings appear to be somewhat delusional. For example, at one point Garza states "I told my future wife to tell the agents that I needed to do an investigation because I wanted to know if these subjects were spying on countries with my religion they stole some of my and my future wife's religion has grov'ys [sic] we call them feel goods. It creates a feeling and emotion to create a [sic] aura and a power presence using ambiguity for anything under typo of purpose its being used, example courtys [sic], seductions, etc." (D.E. 20 at p. 6.) There are many similar examples of meaningless sentences throughout Garza's filings.

At a hearing on July 29, 2021, in response to the court's questions about his lawsuit, Garza gave answers to the court's questions similar in content to his filings. The court has endeavored to locate any statements that could be considered factual and has construed Garza's complaint liberally. Even doing so, the court cannot locate

any facts that might plausibly state a cause of action against Defendant. *See Calogero*, 970 F.3d at 580 (stating that a plaintiff's complaint must contain sufficient factual content for the court to draw a reasonable inference that a defendant is liable for the misconduct alleged). Moreover, the court cannot perceive of any cause of action or legal right that Plaintiff has against the current Defendant. Thus, allowing Plaintiff to amend would be futile. Because the court granted Plaintiff leave to proceed in forma pauperis,[1] Plaintiff's claims are subject to § 1915(e)(2)(B), which states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

### 4. Conclusion

For the reasons stated above, the court determines that further amendment would be futile. Plaintiff has failed to state a claim upon which relief may be granted. The court recommends that Defendant's motion to dismiss (D.E. 21) be granted and that the case be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual

---

[1] *See Garza v. Montgomery County Sheriff's Dept.*, H-21-MC-1034 (S.D. Tex. Apr. 30, 2021).

findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 13, 2021.

_____
Peter Bray
United States Magistrate Judge